
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH L. MCEACHIN,

    Petitioner,

v.                         Case No. 2:10cv338

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Document No. 1). The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and dismissed WITHOUT PREJUDICE.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner was convicted of one count of distribution of cocaine, second offense, on December 9, 2009, in the Circuit Court of the City of Richmond. Petitioner was sentenced on January 25, 2010, to a term of 20 years imprisonment with 13 years suspended.

Petitioner did not appeal his conviction or sentence. Petitioner also has not filed any writ of habeas corpus with any state court.

Petitioner submitted his Petition for Writ of Habeas Corpus to this Court which was conditionally filed on July 14, 2010. Petitioner also filed a Motion for Leave to Proceed in forma pauperis (Document No. 2). This Court granted Petitioner's Motion for Leave to Proceed in forma pauperis on July 21, 2010, and ordered the Petition be filed while amending the Petition to substitute Gene M. Johnson, Director of the Virginia Department of Corrections as the proper Respondent (Document No. 3). Respondent filed a Motion to Dismiss on August 12, 2010 (Document No. 5). Petitioner filed his Response to Motion to Dismiss on August 20, 2010 (Document No. 9).

### B. Grounds Alleged

In his petition, Petitioner makes substantially the following claims for relief:[1]

    a) That Petitioner's trial counsel provided inadequate assistance of counsel.

    b) That Petitioner's sentence to a seven year active term of imprisonment was unconstitutionally excessive.

    c) That Petitioner's 5th, 6th, 8th and 14th Amendment rights were violated.

---

[1] The Court will liberally construe the claims stated by the Petitioner even when such claims are stated in at times unintelligible form. Although the Petitioner used almost identical language for each of four separate claims for relief, the Court will construe the Petitioner to be making three independent claims for relief with his petition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Petitioner's habeas corpus petition because the Court FINDS that Petitioner's claims are not exhausted and therefore should be dismissed WITHOUT PREJUDICE as the Petitioner is not time-barred from filing a habeas petition in state court.

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. 28 U.S.C. § 2254(b); Wilson v. Ozmint, 352 F.3d 847, 867 (4th Cir. 2003); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A petitioner's claims are exhausted if "both the operative facts and the controlling legal principles," Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), have been presented "at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). The Petitioner bears the burden of proving that a claim has been exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

Respondent argues that Petitioner failed to exhaust his claims because he did not seek any relief in the state courts, either by

3

way of direct appeal or a petition for a writ of habeas corpus. Petitioner concedes in his Petition for Writ of Habeas Corpus that he did not seek further review of his conviction by a higher state court and that none of the issues presented in this current petition have been reviewed by the highest state court in Virginia. Petitioner declined to give any reason as to why he did not appeal his conviction or sentence to the highest state court or why he had not otherwise exhausted his state remedies for each ground in the current petition.

Petitioner has presented no reason why his Petition should not be denied at this time due to his failure to exhaust his state court remedies. However, the Petition will be dismissed without prejudice because the Petitioner is not time-barred from filing a habeas petition in a Virginia court. Virginia Code § 8.01-654(A)(2) provides that "[a] habeas corpus petition attacking a criminal conviction or sentence...shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Final judgment was entered against Petitioner on January 25, 2010, and therefore Petitioner likely has until January 25, 2012, to file his state habeas corpus petition.

For the reasons stated, this Court FINDS that Petitioner's claims are not exhausted and therefore not properly before this

4

Court.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the claims raised in the instant petition have not been exhausted, RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Petitioner's claims be DISMISSED WITHOUT PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2) Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served

5

with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 27, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Kenneth L. McEachin
43572
Riverside Regional Jail
1000 River Road
Hopewell, Virginia 23860
*Pro Se*

Gregory W. Franklin
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

                                    Fernando Galindo,
                                    Clerk of Court

By: _____
      Deputy Clerk

September 27, 2010